# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| XIUCEN GAO,<br><br>    Plaintiff,<br><br>    v.<br><br>TESLA MOTORS, INC., and DOES 1-100, inclusive,<br><br>    Defendants. | Case No. 8:24-cv-01034-JWH-DFM<br><br>**ORDER REGARDING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS, AND EXPENSES [ECF No. 16]** |

Before the Court is the motion of Plaintiff Xiucen Gao for attorneys' fees, costs, and expenses.[1] The Court concludes that this matter is appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support and in opposition,[2] the Court orders that Gao's Motion is **GRANTED in part** and **DENIED in part**, for the reasons set forth herein.

## I. BACKGROUND

Gao commenced this action against Defendant Tesla Motors, Inc. in California state court in April 2024.[3] In his Complaint, Gao asserted various claims under the Song-Beverly Consumer Warranty Act, all of which arose from Gao's 2023 lease of a Tesla Model 3 automobile.[4] Gao sought to cancel his lease, to recover damages, and to receive an award of attorneys' fees.[5]

Tesla removed the action to this Court in May 2024.[6] One week later, Tesla made Gao an offer to compromise under Rule 68 of the Federal Rules of

---

[1]   Pl.'s Mot. for Attorney's Fees, Costs, and Expenses (the "Motion") [ECF No. 16].

[2]   The Court considered the documents of record in this action, including the following papers: (1) the Compl. (the "Complaint") [ECF No. 1-1]; (2) Notice of Settlement [ECF No. 14]; (3) Motion; (4) Def.'s Mem. in Opp'n to Motion (the "Opposition") [ECF No. 17]; (5) Def.'s Objections re: the Motion (the "Objections") [ECF Nos. 18 & 19]; (6) Pl.'s Reply in Supp. of the Motion (the "Reply") [ECF No. 20]; and (7) Pl.'s Replies in Response to Objections (the "Responses") [EF Nos. 21 & 22].

[3]   *See* Complaint.

[4]   *See generally id.*

[5]   *See id.* at ¶¶ 19, 20, 28, 38, & 41.

[6]   *See* Notice of Removal [ECF No. 1].

Civil Procedure, in the amount of $50,800, plus $6,000 in attorneys' fees.[7] Gao accepted the offer with respect to the $50,800 payment, but Gao declined the attorneys' fees offer in favor of filing a motion to recover attorneys' fees.[8]

Tesla filed the Notice of Settlement in June 2024,[9] and Gao filed the instant Motion in July 2024.[10] Through his instant Motion, Gao seeks an award of $20,959.22, which consists of attorneys' fees in the amount of $19,091.72, subject to a multiplier, and costs of $506.72.[11]

## II. LEGAL STANDARD

"'The general rule in our legal system is that each party must pay its own attorney[s'] fees.'" *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1158 (9th Cir. 2018) (quoting *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 550 (2010)). But many statutes, including the Song-Beverly Act, contain fee-shifting provisions that allow a prevailing party to recover "reasonable attorneys' fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." Cal. Civ. Code § 1794(d).

"'[A] "reasonable" fee is a fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case.'" *Vogel*, 893 F.3d at 1158 (quoting *Perdue*, 559 U.S. at 550). A district court determines a reasonable fee in two steps: the court first employs the lodestar method, after which it may adjust the figure upward or downward based upon a

---

[7] Decl. of Elham Hassantash in Supp. of the Opposition (the "Hassantash Declaration") [ECF No. 17-1] ¶ 5; *id.*, Ex. A (the "First Offer to Compromise") [ECF No. 17-2].

[8] *Id.* at ¶ 6.

[9] *See* Notice of Settlement.

[10] *See* Motion.

[11] *Id.* at 10:18–23; Reply 9:21–24.

variety of factors. *See Bravo v. City of Santa Maria*, 810 F.3d 659, 665–66 (9th Cir. 2016). While there is a "strong" presumption that the lodestar calculation yields a reasonable fee, a court must be careful that attorneys' fees do not provide "a form of economic relief to improve the financial lot of attorneys." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986).

In conducting the lodestar calculation, the court must first determine whether the attorneys' and staff's hourly rates are reasonable. The court must use reasonable hourly rates of lawyers in the community in which the district court sits. *See Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). The party seeking to establish that certain hourly rates are reasonable may do so by submitting affidavits of counsel of record or affidavits of other counsel in the relevant community, and by providing examples from past cases, of the relevant community rate. *See id.* at 980-81.

Furthermore, "[a] district court has wide latitude in determining the number of hours that were reasonably expended." *Sorenson v. Mink*, 239 F.3d 1140, 1146 (9th Cir. 2001). The court should compensate the prevailing party only for hours that would reasonably be billed to a private client. *See Gonzalez v. City of Maywood*, 729 F.3d 1196, 1203 (9th Cir. 2013). The court should exclude time entries that are "excessive, redundant, or otherwise unnecessary." *Id.* (quoting *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2008)).

### III.  ANALYSIS

Tesla argues that Gao's requested attorneys' fees are unreasonable because (1) Gao's counsel, attorney Yoseph Rixit, has not adequately supported the fee request; (2) the time entries are "exaggerated and contain clerical work, pre-litigation services, and general overhead that is not recoverable"; and

(3) Rixit's "rates are inflated."[12] According to Tesla, the "actual, and reasonably necessary fees, incurred at a reasonable rate amount to $3,905.00."[13]

### A. Hourly Rate

The Court determines a reasonable hourly rate by using "the market rate prevailing in the Central District of California" for attorneys of "similar experience, skill, and reputation to members of Plaintiffs' legal team working on similarly complex matters." *Gonzalez*, 729 F.3d at 1206 (internal quotation marks and citation omitted). "Declarations regarding the prevailing market rate in the relevant community suffice to establish a reasonable hourly rate." *Abbywho, Inc. v. Interscope Recs.*, 2008 WL 11406047, at *3 (C.D. Cal. Mar. 17, 2008). District courts may also rely "on their own knowledge of customary rates and their experience concerning reasonable and proper fees." *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).

Gao requests a rate of $450 per hour for attorney Rixit. Rixit "received his Juris Doctor from Southwestern Law School in 2020, graduating in the top 15% of [his] class and serving as an editor for the Law Review."[14] Rixit was admitted to the California Bar in January 2021, and he has practiced lemon law for three years.[15]

The Court concludes that a lower hourly rate is warranted because this case is a relatively straightforward lemon law matter that resolved swiftly through settlement, before the Court had even conducted a Scheduling Conference. The Court will therefore adopt a rate of $250/hour, which better

---

[12]   Opposition 6:14–17.

[13]   *Id.* at 2:27–28.

[14]   Decl. of Yoseph Rixit in Supp. of the Reply (the "Rixit Declaration") [ECF No. 20-1] ¶ 2.

[15]   *Id.* at ¶ 4.

reflects the complexity of this matter, Rixit's experience, and the rates of other lawyers in the community. *See, e.g.*, *Cox v. FCA US LLC*, 2022 WL 316681, at *2 (N.D. Cal. Feb. 2, 2022) (noting that it is generally reasonable for attorneys with one to five years of experience to charge between $225 and $273 per hour). Accordingly, the Court will reduce the billing entries to reflect at rate of $250 per hour.

### B. Hours Reasonably Expended

"The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." *Jadwin v. County of Kern*, 767 F. Supp. 2d 1069, 1100 (E.D. Cal. 2011). A "district court may exclude from the fee request any hours that are 'excessive, redundant, or otherwise unnecessary.'" *Welch v. Metro Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

It is somewhat unclear how many hours Rixit spent litigating this case. Rixit asserts that, prior to filing the Motion, he incurred $13,635.00 in fees, at an hourly rate of $450—which would amount to 30.5 hours spent working on this matter.[16] But the billing statements that Gao provided reflect a different number of hours worked.[17] The Billing Statements also appear to include cost entries, such as line items for "file fees" and "filing fees."[18] Likewise, Rixit asserts that an additional $5,940 in fees, or 12.2 hours of work, were "necessitated by Tesla's opposition and the preparation of th[e] Reply and th[e] hearing,"[19] but it is not clear why it would have been necessary for Rixit to spend 12.2 hours on

---

[16] Motion 10:18–23.

[17] *See* Rixit Declaration, Ex. A (the "Billing Statements") [ECF No. 16-3].

[18] *See id.*

[19] *See* Reply 9:21–24.

those tasks—particularly because the Court did not conduct a hearing on the Motion.

Furthermore, the Court concludes that, at the time that Gao accepted the Rule 68 offer, he had not incurred $6,000 in attorneys' fees. Thus, Gao may not recover for any fees incurred after the offer was accepted. *See* Fed. R. Civ. P. 68. Accordingly, the Court concludes that the proper number of reasonable hours spent on this matter is 8.2, which excludes billing entries for pre-litigation client consultations, filing fees or other costs, excessive hours spent reviewing documents, and fees incurred after the Rule 68 offer of judgment.[20] The Court also declines to apply a multiplier; one is not warranted in this relatively straightforward and quickly resolved case. *See Serrano v. Priest*, 20 Cal. 3d 25, 49 (1977) (listing factors to consider when deciding whether to apply a multiplier).

That said, because Tesla concedes that an attorneys' fee award of $3,905.00 is reasonable in this case,[21] the Court will award Gao that sum.

### C.   Costs

Gao requests $506.72 in costs,[22] apparently based upon filing and service fees in this action.[23] The Court awards Gao those costs.

## IV.  DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Gao's Motion [ECF No. 16] is **GRANTED in part** and **DENIED in part**.

---

[20] *See* Hassantash Declaration, Ex. D [ECF No. 17-5] (reflecting reductions in billable hours).

[21] Opposition 2:27-28.

[22] *See* Motion 3:7.

[23] *See* Rixit Declaration, Ex. B [ECF No. 16-3].

2. Gao is **AWARDED** the amount of $4,411.72, which is comprised of $3,905.00 in attorneys' fees and $506.72 in costs.

3. In light of the Notice of Settlement filed on June 10, 2024,[24] the parties are **DIRECTED** to file no later than May 9, 2025, either:

    a. a Stipulation of Dismissal under Rule 41(a)(1)(A)(i);

    b. a Stipulation for an Order of Dismissal under Rule 41(a)(2);

or

    c. a motion to reopen if settlement has not been consummated.

4. If the parties fail to comply with this Order in a timely manner, then this action shall be deemed **DISMISSED** as of May 12, 2025.

**IT IS SO ORDERED.**

Dated: April 28, 2025

John W. Holcomb
UNITED STATES DISTRICT JUDGE

---

[24] *See* Joint Notice of Settlement [ECF No. 14].